## Mrs. Ada Duke, Defendant in Error, v. Fred Schlegel, Plaintiff in Error.

### Gen. No. 18,305.

1. WITNESSES—*competency of wife.* The testimony of defendant's wife as to a conversation held previous to her marriage, in which plaintiff claims defendant agreed to pay her board, is not incompetent under R. S. ch. 51, § 55.

2. APPEALS AND ERRORS—*harmless error.* Where the testimony of a witness that she "did not hear" defendant make a promise is erroneously excluded, and there is conflicting testimony as to her having been present during the conversation, the error in rejecting such testimony is not ground for reversal, the judgment for plaintiff not being against the manifest weight of the evidence.

Error to the Municipal Court of Chicago; the Hon. C. E. JENNINGS, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1912. Affirmed. Opinion filed March 25, 1913.

JOHN J. POULTON, for plaintiff in error.

No appearance for defendant in error.

MR. PRESIDING JUSTICE CLARK delivered the opinion of the court.

Suit was brought by plaintiff in the Municipal Court against the defendant for $40, claimed to be due for the board of Adeline Kenoeke alleged to have been furnished her at the request of the defendant and upon his promise to pay for same. Prior to the time of the trial Miss Kenoeke had become the wife of the defendant. The only question of law involved is the ruling by which her testimony was excluded at the trial. We agree with the defendant that she was a competent witness. Mueller v. Rebhan, 94 Ill. 142. Her testimony was not made incompetent by section 55 of chapter 51 of the revised statutes. However, we find incorporated in the record a statement of what it is claimed by the defendant she would have sworn to had

she been allowed to testify. The substance of this was that she did not hear the defendant make the promise to pay for her board. From the testimony of one of the witnesses for the plaintiff it would appear that she was not present when the conversation was had. Another witness stated that she was present.

On a review of the record we are of the opinion that the judgment should not be reversed as being against the manifest weight of the evidence. We are further of the opinion that if the testimony offered had been received the finding and judgment should properly have been for the plaintiff. It follows therefore that the error in the rejection of the testimony should not cause a reversal of the case, and the judgment will be affirmed.

*Affirmed.*